DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
SHEILA A.G. ARMBRUST (CABN 265998)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6830/ (415) 436-6961
    Facsimile: (415) 436-7234
    E-mail:    Kyle.Waldinger@usdoj.gov
               Sheila.Armbrust@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. CR 18-00527 WHA** |
| Plaintiff, | STIPULATION TO MODIFY SCHEDULING ORDER AND EXCLUDE TIME UNDER THE |
| v. | SPEEDY TRIAL ACT AND [PROPOSED] ORDER |
| XANTHE LAM, ALLEN LAM, JOHN CHAN, and JAMES QUACH, | |
| Defendants. | |

    Defendants and their respective counsel, and the United States, represented by Assistant United States Attorneys Kyle F. Waldinger and Sheila A.G. Armbrust, hereby stipulate to the following:

    1.    The parties appeared before the Court on December 17, 2019, for hearings on motions.

    2.    At the motions hearing, the Court contemplated continuing the start of trial from April 6, 2020, to September 14, 2020.  The Court asked the parties to meet and confer and to submit new proposed pretrial deadlines by 5:00 p.m. on December 20, 2019.

    3.    Counsel jointly request that the Court enter the following modified scheduling order:

The trial date currently set for April 6, 2020, is vacated.

All motions to suppress evidence based on alleged defects in search warrants or consent searches must be filed by **JANUARY 15, 2020**.

All motions alleging any defect in instituting the prosecution, motions for disclosure of informants, or motions alleging selective prosecution must be filed by **JANUARY 15, 2020**.

By **APRIL 1, 2020**, all government expert reports and summaries shall be produced to defense counsel.

By **APRIL 17, 2020**, all Rule 16 *defense* reciprocal disclosures, excluding expert reports and summaries, must be produced to the government and all Rule 12.1 and 12.2 defense notices must be given, if any.  Any mental examinations shall occur on a schedule to be set by motion.

All motions to sever not based principally on the face of the indictment must be filed by **APRIL 22, 2020**

By **MAY 1, 2020**, all defense expert reports and summaries must be produced to the government.

By **JUNE 1, 2020**, all government rebuttal expert reports and summaries must be produced to the defendants.

All *Daubert* or other motions directed at government reports, or motions to suppress statements, must be filed by **JUNE 15, 2020**.

By **JULY 1, 2020**, the government must provide a trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses except to the extent a prior court order has allowed a postponement of such disclosure.

By the same date, the government shall have produced all *Brady-Giglio* material unless allowed by prior order to postpone specific items for reasons of civilian witness security or for other good cause.  To be clear, this deadline is the *last* day to produce such material.

Under *Brady*, disclosure of exculpatory evidence "must be made at a time when the disclosure would be of value to the accused." *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir.1985).  The government should therefore be mindful that these materials should be produced earlier if the

circumstances and fairness so require.

By **JULY 15, 2020**, all translations or transcripts of conversations or statements to be shown to the jury must be provided to defendants and any motions directed to their accuracy shall be heard at the final pretrial conference.

On **SEPTEMBER 2, 2020**, the final pretrial conference shall be held at **2:00 P.M.**  All motions for the final pretrial conference shall be due **FOURTEEN CALENDAR DAYS** before the conference with oppositions due seven calendar days before the conference.

For the final pretrial conference, defendants and the government must file any motions *in limine* as well as any of the following:

1. Motions to exclude co-conspirator statements.

2. Government *Daubert* motions or other motions directed at defense experts.

3. Motions to exclude/include Rule 404(b) acts; to tee this up, the government must disclose all proposed Rule 404(b) material **35 CALENDAR DAYS** before the final pretrial conference, and any motion to exclude must be filed fourteen calendar days before the final pretrial conference.

4. Motions directed at the accuracy of transcripts of recordings to be shown to the jury.

On **SEPTEMBER 14, 2020**, trial shall commence at **7:30 A.M.** with jury selection.

Unless otherwise indicated, all motions filed in accordance with this scheduling order will be heard fourteen days after the motion is filed.

Unless it covers all defendants, no Rule 11(c)(1)(C) plea agreement will be accepted within two months of the final pretrial conference.  Open pleas, however, will be allowed at any time.

The government and each of the defendants also agree that time should be excluded under the Speedy Trial Act from the date of this stipulation to September 14, 2020, to allow defense counsel time to review the discovery that has been produced and prepare for the trial and the various filing deadlines set forth above.  The Court, with the agreement of the parties, also previously made a finding of case complexity based on the nature of the prosecution, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  The parties stipulate and agree that failing to exclude this time would unreasonably deny defense counsel and the defendants the reasonable time necessary for effective preparation, taking into account the exercise

1  of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

2      The parties further stipulate and agree that the ends of justice served by excluding the time from
3  the date of this stipulation to September 14, 2020, from computation under the Speedy Trial Act
4  outweigh the best interests of the public and the defendants in a speedy trial and that, therefore, this time
5  should be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and
6  (B)(ii) and (iv).

7  IT IS SO STIPULATED.

9  DATED: December 19, 2019　　　　　　　　　　Respectfully submitted,

    DAVID L. ANDERSON
    United States Attorney

        /s/
    KYLE F. WALDINGER
    SHEILA A.G. ARMBRUST
    Assistant United States Attorneys

Dated: December 20, 2019　　　　　　　　　　    /s/ *with permission*
    WILLIAM L. OSTERHOUDT
    K. ALEXANDRA MCCLURE
    Counsel for XANTHE LAM

Dated: December 20, 2019　　　　　　　　　　    /s/ *with permission*
    MICHAEL STEPANIAN
    DANIEL OLMOS
    Counsel for ALLEN LAM

Dated: December 20, 2019　　　　　　　　　　    /s/ *with permission*
    LAUREL L. HEADLEY
    TED W. CASSMAN
    Counsel for JOHN CHAN

Dated: December 20, 2019　　　　　　　　　　    /s/ *with permission*
    JULIA MEZHINSKY JAYNE
    Counsel for JAMES QUACH

**[PROPOSED] ORDER**

Based upon the stipulation of counsel, IT IS HEREBY ORDERED that the Court adopts the dates contained within the Stipulation to Modify Scheduling Order.

Based upon the stipulation of counsel, and for good cause shown, the Court also finds that failing to exclude the time from the date of the parties' stipulation to September 14, 2020, would unreasonably deny defense counsel and the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).  The Court further finds that the case is complex based on the nature of the prosecution and that it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).  The Court further finds that the ends of justice served by excluding the time from the date of the parties' stipulation to September 14, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from the date of the parties' stipulation to September 14, 2020, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv)

IT IS SO ORDERED.

DATED: December 27, 2019.

_____
HON. WILLIAM ALSUP
United States District Judge